Jeffrey F. Craft [State Bar No. 147186]
Gregory P. Regier [State Bar No. 193571]
JACKSON, DeMARCO, TIDUS & PECKENPAUGH
2815 Townsgate Road, Suite 200
Westlake Village, California 91361-3010
Telephone:    805.230.0023
Facsimile:    805.230.0087
jcraft@jdtplaw.com
gregier@jdtplaw.com

Attorneys for Plaintiff
HOLLAND ELECTRONICS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLAND ELECTRONICS, LLC, a limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC. d/b/a PPC, a Delaware corporation,<br><br>Defendant. | CASE NO.  CV05-8076 GPS (RZx)<br><br>**REPLY TO DEFENDANT JOHN MEZZALINGUA ASSOCIATES, INC.'S COUNTERCLAIMS** |



DOCKETED ON CM

APR 2 1 2006

BY _____ 009

        Plaintiff and Counterdefendant Holland Electronics, LLC ("Holland Electronics"), by and through its undersigned counsel, Jackson, DeMarco, Tidus & Peckenpaugh, hereby responds to the Answer and Counterclaim of John Mezzalingua Associates, Inc., d/b/a PPC, ("PPC") as follows:

## GENERAL ALLEGATIONS

        1-19.    Paragraphs 1-19 of the Answer and Counterclaim contain PPC's responses to Holland Electronics' Complaint for Declaratory Judgment and therefore do not require a response by Holland Electronics.  To the extent that any allegations in paragraphs 1 through 19 require a responsive pleading by Holland Electronics, Holland Electronics hereby denies those allegations.

*Case No. CV05-8076 GPS (RZx)*

## JURISDICTION AND VENUE

20.     Holland Electronics admits that PPC purports to state Counterclaims arising under the patent laws of the United States, 25 U.S.C. §§ 1, *et seq.* in paragraph 20 of the Answer and Counterclaim.

21.     Holland Electronics admits that this Court has original jurisdiction over the purported Counterclaims asserted in the Answer and Counterclaim.

22.     Holland Electronics admits that venue is proper in this District. Holland Electronics denies the remaining allegations in paragraph 22 of the Answer and Counterclaim.

## PARTIES

23.     Holland Electronics admits, upon information and belief, that PPC is incorporated under the laws of the State of Delaware, and maintains its principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

24.     Holland Electronics admits the allegations set forth in paragraph 24 of the Answer and Counterclaim.

## THE PPC PATENTS

25.     Holland Electronics admits that on May 6, 2003, U.S. Pat. No. 6,558,194 B2 entitled "Connector and Method of Operation" (the '194 Patent) was issued by the United States Patent and Trademark Office and that a true and correct copy of the '194 Patent was attached as Exhibit A to the Complaint. Holland Electronics denies the remaining allegations, including the allegation that the '194 Patent was duly and legally issued, in Paragraph 25 of the Answer and Counterclaim.

26.     Holland Electronics admits that on January 13, 2004, U.S. Pat. No. 6,676,446 entitled "Connector and Method of Operation" (the '446 Patent) was issued by the United States Patent and Trademark Office and that a true and correct copy of the '446 Patent was attached as Exhibit B to the Complaint. Holland Electronics denies the remaining allegations, including the allegation that the '446 Patent was duly and legally issued, in Paragraph 26 of the Answer and Counterclaim.

27.     Holland Electronics admits that on February 1, 2005, U.S. Pat. No. 6,848,940 B2

-2-

entitled "Connector and Method of Operation" (the '940 Patent) was issued by the United States Patent and Trademark Office. Holland Electronics admits, upon information and belief, that a true and correct copy of the '940 Patent was attached as Exhibit A to the Answer and Counterclaim. Holland Electronics denies the remaining allegations, including the allegation that the '940 Patent was duly and legally issued, in Paragraph 27 of the Answer and Counterclaim.

28.    Holland Electronics admits that PPC refers to the '194 Patent, the '446 Patent, and the '940 Patent as "the PPC Patents" in the Answer and Counterclaim.

29.    Holland Electronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Answer and Counterclaim and therefore denies same.

30.    Holland Electronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Answer and Counterclaim and therefore denies same.

31.    Holland Electronics admits that PPC has given written notice of Holland Electronics' alleged infringement of the PPC patents. Holland Electronics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Answer and Counterclaim and therefore denies same.

### Reply To PPC's First Counterclaim

### (Patent Infringement of U.S. Patent No. 6,558,194)

32.    Holland Electronics incorporates by reference its responses to Paragraphs 1 through 31 of the Answer and Counterclaim as if fully set forth herein.

33.    Holland Electronics denies the allegations in Paragraph 33 of the Answer and Counterclaim.

34.    Holland Electronics denies the allegations in Paragraph 34 of the Answer and Counterclaim.

35.    Holland Electronics denies the allegations in Paragraph 35 of the Answer and Counterclaim.

36.    Holland Electronics admits that PPC notified Holland Electronics of its alleged

-3-

infringement of the '194 Patent. Holland Electronics denies the remaining allegations in Paragraph 36 of the Answer and Counterclaim.

37. Holland Electronics denies the allegations in Paragraph 37 of the Answer and Counterclaim.

38. Holland Electronics denies the allegations in Paragraph 38 of the Answer and Counterclaim.

39. Holland Electronics denies the allegations in Paragraph 39 of the Answer and Counterclaim.

### Reply To PPC's Second Counterclaim

### (Patent Infringement of U.S. Patent No. 6,676,446)

40. Holland Electronics incorporates by reference its responses to Paragraphs 1 through 39 of the Answer and Counterclaim as if fully set forth herein.

41. Holland Electronics denies the allegations in Paragraph 41 of the Answer and Counterclaim.

42. Holland Electronics denies the allegations in Paragraph 42 of the Answer and Counterclaim.

43. Holland Electronics denies the allegations in Paragraph 43 of the Answer and Counterclaim.

44. Holland Electronics admits that PPC notified Holland Electronics of its alleged infringement of the '446 Patent. Holland Electronics denies the remaining allegations in Paragraph 44 of the Answer and Counterclaim.

45. Holland Electronics denies the allegations in Paragraph 45 of the Answer and Counterclaim.

46. Holland Electronics denies the allegations in Paragraph 46 of the Answer and Counterclaim.

47. Holland Electronics denies the allegations in Paragraph 47 of the Answer and Counterclaim.

-4-

*Case No. CV05-8076 GPS (RZx)*

**Reply To PPC's Third Counterclaim**

**(Patent Infringement of U.S. Patent No. 6,848,940)**

48.    Holland Electronics incorporates by reference its responses to Paragraphs 1 through 47 of the Answer and Counterclaim as if fully set forth herein.

49.    Holland Electronics denies the allegations in Paragraph 49 of the Answer and Counterclaim.

50.    Holland Electronics denies the allegations in Paragraph 50 of the Answer and Counterclaim.

51.    Holland Electronics denies the allegations in Paragraph 51 of the Answer and Counterclaim.

52.    Holland Electronics admits that PPC notified Holland Electronics of its alleged infringement of the '940 Patent.  Holland Electronics denies the remaining allegations in Paragraph 52 of the Answer and Counterclaim.

53.    Holland Electronics denies the allegations in Paragraph 53 of the Answer and Counterclaim.

54.    Holland Electronics denies the allegations in Paragraph 54 of the Answer and Counterclaim.

55.    Holland Electronics denies the allegations in Paragraph 55 of the Answer and Counterclaim.

## HOLLAND ELECTRONICS' DEFENSES

**First Defense**

(Invalidity)

56.    All the claims of the PPC patents are invalid for failure to comply with at least one of the following requirements of the United States patent statutes:  35 U.S.C. § 101, 35 U.S.C. § 102, 35 U.S.C. § 103 or 35 U.S.C. § 112.

**Second Defense**

(Unenforceability)

57.    Each of PPC's Counterclaims is unenforceable under the doctrines of unclean

-5-

hands and inequitable conduct.

**Third Defense**

(Infringement Remedy Barred)

58.    No patent infringement remedy is available to PPC under the doctrine of patent misuse.

**Fourth Defense**

(Direct Infringement)

59.    PPC cannot prove direct infringement of the PPC patents.

**Fifth Defense**

(Infringement by Inducement)

60.    PPC cannot prove infringement by inducement of the PPC patents.

**Sixth Defense**

(Contributory Infringement)

61.    PPC cannot prove contributory infringement of the PPC patents.

**Seventh Defense**

(Willful Infringement)

62.    PPC cannot prove willful infringement of the PPC patents.

**Eighth Defense**

(Patent License)

63.    Holland Electronics took a license from PPC for Holland Electronics' SLC connectors.

/ / /

/ / /

/ / /

-6-

**Ninth Defense**

(Failure To Plead Compulsory Counterclaims)

64.     PPC has lost the right to assert compulsory counterclaims it failed to state in its Answer and Counterclaim.

DATED:  April 20, 2006                    JACKSON, DeMARCO, TIDUS & PECKENPAUGH

By:_____
    Jeffrey F. Craft
    Attorneys for Plaintiff
    HOLLAND ELECTRONICS, LLC

-7-

*Case No. CV05-8076 GPS (RZx)*

**PROOF OF SERVICE BY MAIL**
*Holland Electronics, LLC, a limited liability company*
**Case No. CV05-8076-GPS-(RZx)**

I am employed by the law firm of Jackson, DeMarco, Tidus & Peckenpaugh and my business address is 2815 Townsgate Road, Suite 200 Westlake Village, California 91361. I am over the age of 18 and not a party to the action. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.

On April 20, 2006, I served the foregoing document described as REPLY TO DEFENDANT JOHN MEZZALINGUA ASSOCIATES, INC.'S COUNTERCLAIMS on the interested parties in this action by enclosing a true copy thereof in an envelope addressed as follows:

| | |
|---|---|
| Edward O'Connor, Esq.<br>Becky V. Christensen, Esq.<br>Craig McLaughlin, Esq.<br>O'CONNOR CHRISTENSEN<br>& McLAUGHLIN LLP<br>1920 Main Street, Suite 150<br>Irvine, CA  92614<br>Facsimile No.:  (949) 851-5051<br><br>*Attorneys for Defendant/Counterclaim-Plaintiff John Mezzalingua Associates, Inc., D/B/A PPC* | *Of Counsel:*<br><br>James R Muldoon, Esq.<br>Denis J. Sullivan, Esq.<br>WALL MARJAMA &BILINSKI LLP<br>101 South Salina St., Suite 400<br>Syracuse, NY  13202<br>Facsimile No.:  (315) 425-9114<br><br>*Attorneys for Defendant/Counterclaim-Plaintiff John Mezzalingua Associates, Inc., D/B/A PPC* |

Said envelope was then sealed and placed for collection and mailing in the United States Mail on said date following ordinary business practice. Under that practice, correspondence would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 20, 2006, at Westlake Village, California.

_____
Julia A. Begane

634455.1