Jeffrey F. Craft, State Bar No. 147186
Gregory P. Regier, State Bar No. 193571
JACKSON, DeMARCO, TIDUS &
PECKENPAUGH
2815 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone No.:    805-230-0023
Facsimile No.:            805-230-0087
jcraft@jdtplaw.com
gregier@jdtplaw.com
Attorneys for Plaintiff, Holland Electronics, LLC

Edward O'Connor, State Bar No. 123398
Becky V. Christensen, State Bar No. 147013
Craig McLaughlin, State Bar No. 182876
O'Connor Christensen & McLaughlin LLP
1920 Main Street, Suite 150
Irvine, California  92614
Telephone No.:    949.851.5000
Facsimile No.:    949.851.5051
eoconnor@ocmiplaw.com
bchristensen@ocmiplaw.com
cmclaughlin@ocmiplaw.com

*Of Counsel:*
James R. Muldoon
Denis J. Sullivan
Wall Marjama & Bilinski, LLP
101 South Salina St., Suite 400
Syracuse, NY   13202
Telephone No.:    315.425.9000
Facsimile No.:    315.425.9114
jmuldoon@wallmarjama.com
dsullivan@wallmarjama.com
Attorneys for Defendant John Mezzalingua
Associates, Inc. D/B/A PPC

Priority  X
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

DENIED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HOLLAND ELECTRONICS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MEZZALINGUA ASSOCIATES, INC., D/B/A PPC<br><br>Defendant. | **CASE NO. CV05-8076 GPS (RZx)**<br><br>**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER** |

DOCKETED ON CM

JUN I 6 2006

BY _____ 009

-1-

WHEREAS, the parties agree that protection of designated information produced during discovery in this action is warranted because: (i) Plaintiff Holland Electronics LLC ("Holland Electronics") and Defendant John Mezzalingua Associates, Inc. ("PPC") (each a "party" and collectively, "the parties") are competitors in the electrical connector market; (ii) the parties have certain non-public information that they consider to be highly confidential; and (iii) the nature of this non-public information is such that an advance review and designation by the Court would be impractical.

Upon the agreement of the parties, and that both parties have requested documents of the other in discovery in this action, good cause appearing therefore, IT IS HEREBY ORDERED that the following rules and procedures shall govern the disclosure of confidential information herein:

1. All Classified Information (as defined below) produced or exchanged in the course of this litigation (or any ADR proceeding conducted in connection therewith) shall be used solely in connection with this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. The parties agree that this Confidentiality Order shall control, in part, the conduct of the parties in discovery. Documents and information obtained by or made available to any party by means other than through the discovery provisions of the Federal Rules of Civil Procedure or analogous provisions of state or foreign law shall not be subject to this Confidentiality Order.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Any party or any third party not named in this action that produces materials or information in discovery in this case may designate

-2-

Classified Information which the Producing Party or third party believes there is good cause for confidential treatment consistent with the designation level. Any designations shall be made in good faith, and the Court may impose sanctions for making any Confidential Designations not in good faith.

3.   Information marked "CONFIDENTIAL" is Classified Information that the Producing Party believes in good faith would present the risk of competitive harm to the Producing Party if publicly known or made available. Information marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is Classified Information that is financial or business information, including information revealing the method by which either party prices its product, information showing either party's profit margins, information regarding future products or business plans of either party, or customer information that the Producing Party believes in good faith would present the risk of competitive harm to the Producing Party if publicly known or made available.

4.   Materials designated "CONFIDENTIAL" or information derived therefrom may only be disclosed or made available to the following persons in this action, absent advance written consent from the Producing Party:

a.   Two internal representatives for each party who, prior to any disclosure of Classified Information to such persons, shall each sign a document in the form of Exhibit A attached hereto (such signed document to be retained by counsel and provided to opposing counsel);

b.   Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

c.   Actual or potential independent experts or consultants consulted or retained for the purposes of the above-captioned litigation, and persons regularly employed by them ("Independent Advisors"), who prior to any disclosure of Classified Information to such person, shall have signed a document in the form of

-3-

Exhibit A attached hereto (such signed document to be retained by counsel and provided to opposing counsel) and complied with the provisions of Paragraphs 5 and 6 below;

    d.    The Court and its employees;

    e.    Court reporters or stenographers, or other persons preparing transcripts of testimony under the supervision of a court reporter or stenographer;

    f.    Employees of any professional document management or photocopy services utilized by counsel in the preparation of this litigation; and

    g.    Any other person the Court so elects after notice to all parties.

5.    Absent advance written consent from the Designating Party, materials designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or information derived therefrom may only be disclosed or made available to the persons listed in paragraphs 4(b) through 4(g) of this Confidentiality Order. The respective parties may each designate Independent Advisors in connection with the subject matter of this action, for sole use in this litigation who may receive "CONFIDENTIAL" and "CONFIDENTIAL—ATTORNEYS' EYES ONLY" material, provided: 1) prior to receiving any Classified Information, such advisors shall execute Exhibit A attached hereto and provide a copy thereof to opposing counsel of record; 2) such advisors shall not use any Classified Information for a commercial or competitive purpose or for any other purpose that is not solely in connection with this litigation; 3) such advisors shall not discuss or otherwise disclose Classified Information or the contents thereof with anyone but counsel of record for a party except for discussing "CONFIDENTIAL" material with representatives of each party designated under Paragraph 4(a); and 4) a party must designate in writing to the opposing party the identity of its advisor(s) ten (10) business days prior to showing that designee any Classified Information (which will provide a reasonable opportunity to object to any such designation).

-4-

6.    A party desiring to object to the designation of an expert or consultant must notify the Designating Party in writing of its objection within ten (10) business days of its receipt of the designation. Failure to object in writing within ten (10) business days shall be deemed consent to such designation and disclosure of Classified Information. Upon receipt of the objection, the Designating Party may not disclose any "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents to the objected-to expert or consultant. The Designating Party must initiate a meet and confer to discuss the issue. If the parties cannot reach an agreement, the Opposing Party must file a written objection in court within ten (10) calendar days of the meet and confer or else will waive any objection. If the Opposing Party avoids or refuses a meet and confer, the Designating Party may provide notice to the Opposing Party that it will be disclosing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information to the objected-to expert or consultant five (5) calendar days from the Opposing Party's receipt of such notice. Any objection by the Opposing Party must be filed in court within those five (5) days. A timely objection will stay the ability of the Designating Party to disclose the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents to the objected-to expert or consultant. The parties may agree to extensions of these time periods.

7.    Documents produced in this action may be designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" by marking each page of the document(s) so designated with a stamp stating "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." In lieu of marking the original of a document, if the original is not produced, the Producing Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

8.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts

-5-

retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information is confidential, trade secret or proprietary to a party) may be designated by any party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information by indicating on the record at the deposition that the testimony, or a portion thereof, is "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and is subject to the provisions of this Confidentiality Order.

9. No person shall be present during portions of the depositions so designated unless such person is authorized under the terms of this Confidentiality Order to receive "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information. After the completion of a deposition, or session of a deposition, any party may also, in good faith within fourteen (14) days of receipt of the final deposition transcript, designate any portion of the deposition as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" if not so designated previously. However, the parties shall make good faith efforts to designate "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information during a deposition. All deposition transcripts shall be treated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for a period of fourteen (14) days after the receipt of the transcript.

10. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" with blank, consecutively-numbered pages being provided in a non-designated main transcript. The separate transcript containing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information shall have page numbers that correspond to the blank pages in the main transcript.

11. Nothing herein shall prevent disclosure beyond the terms of this Confidentiality Order if each party designating the information as

-6-

"CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" consents to such disclosure, or if a court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information in the examination or cross-examination of a party or a person who is indicated on the document as being an author, source or recipient of the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, irrespective of which party produced such information.

12.    A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If counsel for the Receiving Party objects to the designation or continued treatment of certain information as CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY information, it shall so notify counsel for the Producing Party, and the parties shall then confer in a good faith attempt to resolve the dispute. If the parties are unable to agree as to whether the information is appropriately designated, it shall be the responsibility of the Receiving Party to move for an Order requiring redesignation of the information in dispute. On any such motion, the Producing Party shall have the burden of establishing that the information produced is CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY. Until such an Order is obtained, the original designation by the Producing Party shall stand.

13.    All documents and pleadings of any nature containing CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY information, and all copies thereof, shall be maintained by any person qualified to receive and to retain them under the terms of this Order in a secure manner reasonably calculated to preserve the confidentiality of such information, and intended to minimize any risk of the inadvertent disclosure thereof.

-7-

14.    Without limiting any party's right to designate any documents or information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information shall not include information or material that (i) was known to the Receiving Party prior to the disclosure by the Producing Party, as evidenced by a written document, whether such disclosure was before or after the date of the Confidentiality Order; or (ii) was publicly available at the time of the disclosure by the Disclosing Party or subsequently becomes publicly available through printed publications through no fault of the Receiving Party.

15.    In the event a party wishes to use any "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information in any affidavits, briefs, memoranda of law, or other papers filed in Court such "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information used therein shall be filed under seal in accordance with the Court's local rules.

16.    Nothing herein shall be deemed to restrict in any way a Producing Party's own use of CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY materials disclosed by it in this matter.

17.    Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges during discovery in this matter, or inadvertent disclosure of confidential information without appropriate designation, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have waived any rights by such inadvertent disclosure. The Receiving Party shall not use and agrees to make reasonable and good faith efforts to locate and return to the Producing Party any inadvertently produced privileged or confidential material immediately upon written request, unless such privilege or confidentiality has been waived by some means other than the inadvertent disclosure. If the Receiving Party is subject to excessive costs or burden in connection with

-8-

undertaking to comply with this Paragraph, then the Producing Party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith.

18. This Confidentiality Order and the procedures set forth herein shall not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute, rule or authority.

19. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The designation of certain information as CONFIDENTIAL and/or CONFIDENTIAL—ATTORNEYS' EYES ONLY pursuant to this Confidentiality Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Classified Information.

20. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

21. If a party in possession of Classified Information receives a subpoena or other compulsory process from a non-party to this Confidentiality Order seeking production or other disclosure of such Classified Information, that party shall give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Classified Information sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the

-9-

party to which the subpoena or other compulsory process was issued or served shall not produce the Classified Information called for prior to receiving a court order or the consent of the Producing Party. In the event that such discovery material containing Classified Information is produced to the non-party, such material shall still be treated according to the designation by the parties to this Confidentiality Order.

22.    In the event additional parties join or are joined in this action, they shall not have access to Classified Information until the newly joined parties have executed and filed with the Court their agreement to be fully bound by this Confidentiality Order.

23.    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Classified Information shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Confidentiality Order.

(a)    In the event that either party objects to the designation of any document or other material, such party may, in writing, request the designating party to remove or change the designation. Such written request shall specifically identify the document or other material at issue.

(b)    The designating party shall respond in writing within ten (10) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating party refuses to remove or change the designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

(c)    If the designating party fails to respond to a request or refuses to remove or change the designation, the party requesting re-designation shall have twenty (20) days to file a motion seeking such re-designation. It shall be the burden

-10-

of the designating party under such circumstances to establish by a preponderance of the evidence that the information is correctly designated within the meaning of this Confidentiality Order.

(d)    In the event of such a motion, the material at issue may be submitted to the Court for *in camera* inspection.

24.    Within sixty (60) days of the conclusion of this matter, including any appeals, and upon written request by a Producing Party, all written materials, other than work product, containing "CONFIDENTIAL" and/or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" information received by the Receiving Party subject to this Confidentiality Order that is in the possession, custody or control of the Receiving Party or its agents shall be destroyed or turned over to counsel for the Producing Party. The provisions of this Confidentiality Order restricting the communication and use of "CONFIDENTIAL" and "CONFIDENTIAL— ATTORNEYS' EYES ONLY" information continue to be binding after the conclusion of this matter. In the event that such materials are destroyed, the person(s) responsible for such destruction shall certify in writing to the completion and manner of destruction. Notwithstanding the foregoing, a party may retain one archival copy of each pleading, ruling and order, each deposition, hearing, and trial transcript and exhibit, and correspondence maintained by the parties' outside counsel in their respective litigation files in the ordinary course of business.

25.    A party shall have the right to request designation of Classified Information for documents called for by subpoena to a third party in cases where the documents were provided by the party to the third party, or vice-versa, pursuant to an agreement that the information was primarily provided on a confidential or highly confidential basis, provided such request is made to the third party, and copied to the other party, within fourteen (14) days of production of the documents to the requesting party or its counsel.

-11-

26.    Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their clients and in the course thereof, relying generally on examination and review of Classified Information and materials; provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not make specific disclosure of any information or materials designated under this Confidentiality Order.

Dated: June 8, 2006

JACKSON, DeMARCO, TIDUS & PECKENPAUGH

By: _____
Jeffrey F. Craft
Attorneys for Plaintiff HOLLAND ELECTRONICS, LLC

Dated: June 9, 2006

O'CONNOR CHRISTENSEN & McLAUGHLIN LLP

By: _____
Craig McLaughlin
Attorneys for Defendant JOHN MEZZALINGUA ASSOCIATES, INC.

*Denied. No good cause shown for an order of this breadth*

IT IS SO ORDERED. *without any specification of materials to be protected.*

Dated: 6/14, 2006

_____
George P. Schiavelli
U.S. Magistrate Judge of the United States District Court

-12-

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that I have read and understand the attached Confidentiality Order. I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Order. I understand that these promises are conditions precedent to my receipt of any such information and that I am bound by the terms of that Order and agree to comply with those terms.

I will not disclose Classified Information to anyone other than persons specifically authorized by the Confidentiality Order and agree to return all such materials that come into my possession to counsel from whom I received such materials. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Confidentiality Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this _____ day of _____, 2006.

_____
(Signature)

| Home Address | Employer/Business |
|---|---|
| Home Phone | Job Title/Description |
| | |
| | Business Address |

644975.1

-13-

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of Orange, State of California. I am employed in the office of O'CONNOR CHRISTENSEN & MCLAUGHLIN LLP, members of the Bar of the above entitled Court, and I made the service referred to below at their direction. My business address is 1920 Main Street, Suite 150, Irvine, California 92614.

On June 12, 2006, I served true copies of the following document:
**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

as follows:

☐ **VIA FACSIMILE.** I sent such document from facsimile machine (949) 851-5051 on June 12, 2006. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (949) 851-5051 which confirms said transmission and receipt.

X **VIA U.S. MAIL.** I placed a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California on June 12, 2006, addressed as set forth below. I am readily familiar with the firm's practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **VIA PERSONAL SERVICE.** I personally delivered a true copy of the document(s) listed above to an attorney service for same day delivery to the person(s) at the address(es) set forth below on June 12, 2006.

**Jeffrey F. Craft**
**Gregory P. Regier**
**JACKSON, DeMARCO, TIDUS & PACKENPAUGH**
**2815 Townsgate Road, Suite 200**
**Westlake Village, California 91361-3010**
**Fax: (805) 230-0087**

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 12, 2006, at Orange County, California.

Rebecca Meegan

-1-