Edward O'Connor (State Bar. No. 123398)
Becky V. Christensen (State Bar No. 147013)
Craig McLaughlin (State Bar No. 182876)
O'CONNOR CHRISTENSEN & McLAUGHLIN
TRIAL DIVISION OF THE ECLIPSE GROUP LLP
1920 Main Street, Suite 150
Irvine, California 92614
Tel: (949) 851-5000  Fax: (949) 851-5051
efo@eclipsegrp.com, bvc@eclipsegrp.com, cml@eclipsegrp.com

*Of Counsel:*
James R. Muldoon
Denis J. Sullivan
WALL MARJAMA & BILINSKI LLP
250 South Clinton St., Suite 300
Syracuse, NY 13202
Telephone:  (315) 425-9000
Facsimile:  (315) 425-9114
jmuldoon@wallmarjama.com, dsullivan@wallmarjama.com

Attorneys for Defendant/Counterclaim-Plaintiff
JOHN MEZZALINGUA ASSOCIATES, INC., D/B/A PPC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| HOLLAND ELECTRONICS, LLC, a limited liability company, <br><br> Plaintiff/Counterclaim-Defendant, <br> -v- <br><br> JOHN MEZZALINGUA ASSOCIATES, INC., D/B/A PPC, a Delaware corporation, <br><br> Defendant/Counterclaim-Plaintiff | Case No. 2:05-cv-08076-GPS-RZ <br><br> **PPC'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS FOR INFRINGEMENT OF U.S. PATENT NOS. 6,558,194, 6,676,446, AND 6,848,940; AND DEMAND FOR JURY TRIAL** |

PPC's Answer to First Amended Complaint, Counterclaims, and Demand for Jury Trial

1



DOCKETED ON CM

NOV – 6 2006

BY _____ 009



## PPC'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant and Counterclaim-Plaintiff John Mezzalingua Associates, Inc., d/b/a PPC ("PPC"), for its Answer to the First Amended Complaint of Plaintiff and Counterclaim-Defendant Holland Electronics, LLC ("Holland") alleges as follows:

### JURISDICTION AND PARTIES

1.    ADMITS that Holland has attempted to allege claims for declaratory judgment of patent noninfringement, patent invalidity, and patent unenforceability arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35 U.S.C. in its First Amended Complaint, but DENIES the merits and sufficiency of the claims asserted therein and any remaining allegations contained in Paragraph 1 of the First Amended Complaint.

2.    ADMITS the allegations contained in Paragraph 2 of the First Amended Complaint.

3.    ADMITS that, upon information and belief, Holland has a principal place of business at 2935 Golf Course Drive, Ventura, California, 93003, but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

4.    ADMITS the allegations contained in Paragraph 4 of the First Amended Complaint.

5.    ADMITS the allegations contained in Paragraph 5 of the First Amended Complaint.

### CLAIM FOR RELIEF FOR DECLARATORY JUDGMENT

6.    DENIES that Holland has earned a reputation as a leader in the design and sale of innovative compression connectors, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7.    ADMITS that Holland uses, sells, offers to sell, and imports into the United States coaxial cable connectors, including connectors for making "RCA," "BNC," and "F" type connections, but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8.    ADMITS the allegations contained in Paragraph 8 of the First Amended Complaint.

9.    ADMITS that PPC has alleged infringement by Holland Electronics of U.S. Patent No. 6,558,194 ("the '194 Patent"), U.S. Patent No. 6,676,446 ("the '446 Patent"), U.S. Patent No. 6,848,940 ("the '940 Patent") (collectively, "the PPC Patents-in-Suit"), but DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the First Amended Complaint.

10.    ADMITS that '194 Patent is a continuation of the application that issued as U.S. Patent No. 6,153,830 ("the '830 Patent") and that the '446 and '940 Patents are continuations of the application that issued as the '194 Patent, but DENIES the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11.    DENIES the allegations contained in Paragraph 11 of the First Amended Complaint.

12.    DENIES the allegations contained in Paragraph 12 of the First Amended Complaint.

13.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the First Amended Complaint.

14.    ADMITS that during the prosecution of the '194 Patent, the Applicant provided the United States Patent and Trademark Office ("USPTO") with a copy of Stirling Connectors, Inc. Press Release Concerning SPL6 Push and Lock Connector (June 2007), but DENIES the remaining allegations contained in Paragraph 14 of the

PPC's Answer to First Amended Complaint,    3
Counterclaims, and Demand for Jury Trial

First Amended Complaint and otherwise refers the Court to the actual prosecution history documents.

15.    Admits that during the prosecution of the '194 Patent, the Applicant amended claims to require a "preassembled first configuration," but DENIES the remaining allegations contained in Paragraph 15 of the First Amended Complaint and otherwise refers the Court to the actual prosecution history documents.

16.    Admits that during the prosecution of the '194 Patent, the Applicant indicated that "Specifically, applicant has amended each independent claim to more clearly indicate that the first configuration is a 'preassembled' configuration," but DENIES the remaining allegations contained in Paragraph 16 of the First Amended Complaint and otherwise refers the Court to the actual prosecution history documents.

17.    DENIES the allegations contained in Paragraph 17 of the First Amended Complaint.

18.    DENIES the allegations contained in Paragraph 18 of the First Amended Complaint.

19.    ADMITS that claim 1 of the '194 Patent recites a "compression ring having a first non-tapered internal bore," but DENIES the remaining allegations contained in Paragraph 19 of the First Amended Complaint and otherwise refers the Court to the actual prosecution history documents.

20.    ADMITS that during prosecution of the application that issued as the '194 Patent, the Examiner had cited U.S. Patent Nos. 5,863,220, 5,470,257, and 3,846,738 in rejecting claims, and that the Applicant indicated that "In claim 21d, the following language change has occurred from Current Claim 2 to Current Claim 21: 'the first end of said compression ring having [at least a portion of] a first non-tapered internal bore of a diameter commensurate with the first diameter of the outer wall of said cylindrical sleeve.' This change was made to make claim 21 patentably distinct with respect to the prior art cited by the Examiner, but is within the scope of the same patentable invention," but DENIES the remaining allegations contained in Paragraph

PPC's Answer to First Amended Complaint,        4
Counterclaims, and Demand for Jury Trial

20 of the First Amended Complaint and otherwise refers the Court to the actual prosecution history documents.

21.     ADMITS that Applicant's statement was correct, but DENIES the remaining allegations contained in Paragraph 21 of the First Amended Complaint and otherwise refers the Court to the actual prosecution history documents.

22.     DENIES the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     DENIES the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     ADMITS the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     DENIES the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     DENIES the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     DENIES the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     DENIES the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     DENIES the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     DENIES the allegations contained in Paragraph 30 of the First Amended Complaint.

## PPC'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31.     The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

32.    Holland has infringed and continues to infringe the PPC Patents-in-Suit.

## THIRD AFFIRMATIVE DEFENSE

33.    The PPC Patents-in-Suit are not invalid.

## FOURTH AFFIRMATIVE DEFENSE

34.    The PPC Patents-in-Suit are not unenforceable.

## PPC'S COUNTERCLAIMS

PPC, for its Counterclaims against Holland alleges as follows:

## JURISDICTION AND VENUE

35.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

36.    This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

37.    Venue for these counterclaims is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Holland has committed and continues to commit acts of patent infringement in this district and because Holland is a limited liability company subject to personal jurisdiction in this district.

## THE PARTIES

38.    Defendant and Counterclaim-Plaintiff PPC is a corporation formed under the laws of the State of Delaware and has its principal place of business at 6176 East Molloy Road, East Syracuse, New York 13057.

39.    Upon information and belief, Plaintiff and Counterclaim-Defendant Holland is a limited liability company formed under the laws of the State of California and has its principal place of business at 2935 Golf Course Drive, Ventura, California, 93003.

PPC's Answer to First Amended Complaint,    6
Counterclaims, and Demand for Jury Trial

# THE PPC PATENTS-IN-SUIT

40.    On May 6, 2003, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,558,194 ("the '194 Patent"), entitled "Connector and Method of Operation," to PPC. A true and correct copy of the '194 Patent was attached as Exhibit A to the First Amended Complaint.

41.    On January 13, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,676,446 ("the '446 Patent"), entitled "Connector and Method of Operation," to PPC. A true and correct copy of the '446 Patent was attached as Exhibit B to the First Amended Complaint.

42.    On February 1, 2005, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,848,940 ("the '940 Patent"), entitled "Connector and Method of Operation," to PPC. A true and correct copy of the '940 Patent was attached as Exhibit C to the First Amended Complaint.

43.    The '194 Patent, the '446 Patent, and the '940 Patent are collectively referred to herein as "the PPC Patents-in-Suit."

44.    The named inventor of the PPC Patents-in-Suit has assigned his entire rights to and interests in the PPC Patents-in-Suit to PPC.

45.    PPC has been the lawful owner of all rights, titles, and interests in the PPC Patents-in-Suit, including the right to sue for patent infringement, at all times since they issued.

46.    PPC has placed the required statutory notice under 35 U.S.C. § 287 on all or substantially all products manufactured and sold by or for PPC under the PPC Patents-in-Suit after issuance and has given written notice to Holland of its infringement of the PPC Patents-in-Suit.

## FIRST COUNTERCLAIM
(PATENT INFRINGEMENT OF U.S. PATENT NO. 6,558,194)

47.    PPC repeats and realleges the allegations contained in Paragraphs 35 through 46 above as if fully set forth herein.

PPC's Answer to First Amended Complaint,    7
Counterclaims, and Demand for Jury Trial

48.    The '194 Patent is valid and enforceable.

49.    Holland has infringed and continues to infringe directly, contributorily, and/or by inducement, at least one claim of the '194 Patent by making, using, selling, offering to sell, and/or importing products into the United States products that are covered by at least one claim of the '194 Patent without authority or license from PPC. The infringing products include, at a minimum, Holland's SLC and/or SLCU Series coaxial cable connectors.

50.    Upon information and belief, Holland has actively induced and/or contributed to the infringement of at least one claim of the '194 Patent by encouraging, aiding, and/or assisting third parties in making, using, selling, offering to sell, and/or importing into the United States products that are covered by at least one claim of the '194 Patent without authority or license from PPC.  The infringing products include, at a minimum, Holland's SLC and/or SLCU Series coaxial cable connectors.

51.    Although PPC notified Holland of its infringement of the '194 Patent, Holland continued its infringement after receiving this actual notice.

52.    Holland's infringement of the '194 Patent was, and continues to be, deliberate and willful.

53.    PPC has been damaged by Holland's infringement of the '194 Patent and will continue to suffer additional damage and irreparable injury unless the Court enjoins Holland from continuing such infringing acts in the future.

54.    PPC has no adequate remedy at law.

### SECOND COUNTERCLAIM
(PATENT INFRINGEMENT OF U.S. PATENT NO. 6,676,446)

55.    PPC repeats and realleges the allegations contained in Paragraphs 35 through 54 above as if fully set forth herein.

56.    The '446 Patent is valid and enforceable.

57.    Holland has infringed and continues to infringe directly, contributorily, and/or by inducement, at least one claim of the '446 Patent by making, using, selling,

PPC's Answer to First Amended Complaint,       8
Counterclaims, and Demand for Jury Trial

offering to sell, and/or importing products into the United States products that are covered by at least one claim of the '446 Patent without authority or license from PPC. The infringing products include, at a minimum, Holland's SLC and/or SLCU Series coaxial cable connectors.

58.    Upon information and belief, Holland has actively induced and/or contributed to the infringement of at least one claim of the '446 Patent by encouraging, aiding, and/or assisting third parties in making, using, selling, offering to sell, and/or importing into the United States products that are covered by at least one claim of the '446 Patent without authority or license from PPC.  The infringing products include, at a minimum, Holland's SLC and/or SLCU Series coaxial cable connectors.

59.    Although PPC notified Holland of its infringement of the '446 Patent, Holland continued its infringement after receiving this actual notice.

60.    Holland's infringement of the '446 Patent was, and continues to be, deliberate and willful.

61.    PPC has been damaged by Holland's infringement of the '446 Patent and will continue to suffer additional damage and irreparable injury unless the Court enjoins Holland from continuing such infringing acts in the future.

62.    PPC has no adequate remedy at law.

## THIRD COUNTERCLAIM
(PATENT INFRINGEMENT OF U.S. PATENT NO. 6,848,940)

63.    PPC repeats and realleges the allegations contained in Paragraphs 35 through 62 above as if fully set forth herein.

64.    The '940 Patent is valid and enforceable.

65.    Holland has infringed and continues to infringe directly, contributorily, and/or by inducement, at least one claim of the '940 Patent by making, using, selling, offering to sell, and/or importing products into the United States products that are covered by at least one claim of the '940 Patent without authority or license from PPC.

PPC's Answer to First Amended Complaint,       9
Counterclaims, and Demand for Jury Trial

The infringing products include, at a minimum, Holland's SLC and SLCU Series coaxial cable connectors.

66. Upon information and belief, Holland has actively induced and/or contributed to the infringement of at least one claim of the '940 Patent by encouraging, aiding, and/or assisting third parties in making, using, selling, offering to sell, and/or importing into the United States products that are covered by at least one claim of the '940 Patent without authority or license from PPC. The infringing products include, at a minimum, Holland's SLC and SLCU Series coaxial cable connectors.

67. Although PPC notified Holland of its infringement of the '940 Patent, Holland continued its infringement after receiving this actual notice.

68. Holland's infringement of the '940 Patent was, and continues to be, deliberate and willful.

69. PPC has been damaged by Holland's infringement of the '940 Patent and will continue to suffer additional damage and irreparable injury unless the Court enjoins Holland from continuing such infringing acts in the future.

70. PPC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, PPC seeks judgment against Holland:

a) Dismissing Holland's First Amended Complaint in its entirety with prejudice;

b) Declaring that Holland has infringed the PPC Patents-in-Suit;

c) Finding that Holland's infringement of the PPC Patents-in-Suit has been willful and deliberate;

d) Preliminarily and permanently enjoining Holland, its owners, affiliates, officers, directors, managers, agents, servants, employees, representatives, independent contractors, customers, attorneys, related

PPC's Answer to First Amended Complaint, Counterclaims, and Demand for Jury Trial          10

companies, successors, assigns, and all those acting in concert or participation with it, from infringing the PPC Patents-in-Suit;

e) Entering judgment in PPC's favor on its patent infringement counterclaims;

f) Ordering an accounting of damages resulting from Holland's infringement of the PPC Patents-in-Suit;

g) Awarding PPC compensatory damages in a final amount to be determined at trial for Holland's infringement of the PPC Patents-in-Suit;

h) Awarding treble damages for Holland's willful infringement of the PPC Patents-in-Suit;

i) Awarding PPC interest on the amount of damages found, including pre-judgment and post-judgment interest;

j) Finding that this is an exceptional case pursuant to 35 U.S.C. § 285;

k) Awarding PPC its costs, expenses, and attorneys' fees incurred defending and prosecuting this action; and

l) Granting PPC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PPC demands a trial by jury of all issues so triable.

PPC's Answer to First Amended Complaint, Counterclaims, and Demand for Jury Trial

11

DATED:  November 3, 2006      Respectfully submitted,

O'CONNOR CHRISTENSEN & MCLAUGHLIN,
TRIAL DIVISION OF THE ECLIPSE GROUP LLP
Edward O'Connor
Becky V. Christensen
Craig McLaughlin

*Of Counsel:*
WALL MARJAMA & BILINSKI LLP
James R. Muldoon
Denis J. Sullivan

Attorneys for Defendant/Counterclaim-Plaintiff
JOHN MEZZALINGUA ASSOCIATES, INC., D/B/A PPC

PPC's Answer to First Amended Complaint,     12
Counterclaims, and Demand for Jury Trial

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of Orange, State of California. I am employed in the office of O'CONNOR CHRISTENSEN & MCLAUGHLIN, TRIAL DIVISION OF THE ECLIPSE GROUP LLP, members of the Bar of the above entitled Court, and I made the service referred to below at their direction. My business address is 1920 Main Street, Suite 150, Irvine, California 92614.

On November 3, 2006, I served true copies of the following document:

**PPC's ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS FOR INFRINGEMENT OF U.S. PATENT NOS. 6,558,194, 6,676,446, AND 6,848,940; AND DEMAND FOR JURY TRIAL**

as follows:

X **VIA FACSIMILE**. I sent such document from facsimile machine (949) 851-5051. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (949) 851-5051 which confirms said transmission and receipt.

X **VIA U.S. MAIL**. I placed a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California, addressed as set forth below. I am readily familiar with the firm's practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **VIA PERSONAL SERVICE**. I personally delivered a true copy of the document(s) listed above to an attorney service for same day delivery to the person(s) at the address(es) set forth below.

Jeffrey R. Craft
JACKSON, DEMARCO, TIDUS & PACKENPAUGH
2815 Townsgate Road, Suite 200
Westlake Village, California 91361-3010
Fax: (805) 230-0087

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 3, 2006, at Orange County, California.

_Rebecca Meegan_
Rebecca Meegan

PPC's Answer to First Amended Complaint,        1
Counterclaims, and Demand for Jury Trial